Circuit Court of Cuyahoga County.

THE SHERWIN-WILLIAMS COMPANY v. THE GLOBE RUTGERS FIRE INSURANCE COMPANY.

Decided, May 27, 1912.

*Motion to Vacate Order Overruling Motion for New Trial—Irregularity of Court—Judicial Notice of Judge's Own Conduct—Finding of Facts—Affidavit of Good Defense Not Necessary, When.*

1. Where a trial judge, upon submission of a motion for a new trial promises to let the defendant's attorneys know of the disposition of the motion, which he fails to do, but overrules the motion without their knowledge, of which action they do not learn until after time for filing a bill of exceptions has passed, this constitutes such "irregularity in obtaining a judgment or order," within the purview of Section 11631, General Code, as to authorize the court at

a subsequent term to vacate the order overruling the motion for a new trial and set the same for hearing.

2. On a motion to vacate an order overruling a motion for a new trial on the ground of irregularity in obtaining it, which irregularity is alleged to be an act or course of conduct of the judge, said judge in passing on the motion, may take into consideration, without other evidence, such facts as came within his own cognizance.

3. When a journal entry embodies facts relating to the court's own action on the subject before it, which disclose on their face that they were within the knowledge of the court, such journal entry should be treated as a finding of facts, and given the same effect as though the court had been specifically requested to make a finding of fact and of law.

4. An affidavit that the defendant has a good defense need not be filed with a motion after term to vacate an order overruling a motion for a new trial.

*Squire, Sanders & Dempsey,* for plaintiff in error.
*White, Johnson & Cannon,* contra.

NIMAN, J.; WINCH, J., and MARVIN, J., concur.

The plaintiff in error in this proceeding seeks a reversal of the action of the court of common pleas in granting a motion to vacate and set aside a former order of the court whereby the motion of the defendant in error for a new trial was overruled.

The action in the court below was for the recovery of money under an insurance policy. The trial took place at the April, 1911, term of court, and resulted in a verdict for the plaintiff on the 14th day of June, 1911.

Within three days thereafter the defendant filed its motion for a new trial, which was held by the court until December 22, 1911, in the September, 1911, term, when it was overruled, and judgment entered on the verdict. Counsel for defendant did not learn of this until the time for filing a bill of exceptions had passed.

On February 12, 1912, in the January term of that year, the defendant filed a motion to set aside the order overruling its motion for a new trial. In the same term, on the 26th day of April, the court granted this motion and set aside "the order and decision of the court overruling the motion for a new trial and the

judgment entered thereon," and set the hearing on the motion for a new trial for the following day, at which time the motion for a new trial was overruled and judgment entered on the verdict.

The motion involved in this proceeding was founded on Section 11631, General Code, which among other things provides:

"The common pleas court or the circuit court may vacate or modify its own judgment or order after the term at which it was made:

"3. For mistake, neglect, or omission of the clerk or irregularity in obtaining a judgment or order."

The irregularity relied upon by the defendant is stated in its motion in the following language:

"Said case was tried at the April term, A. D. 1911, of this court, and a verdict rendered. In due time thereafter, a motion for a new trial was filed by this defendant. Defendant endeavored to obtain a hearing on said motion at that time, but was unable to do so, and no hearing was had thereon notwithstanding the efforts of this defendant. At the September term of this court, this defendant made repeated efforts to obtain a hearing on said motion, and the trial judge three times served notice on attorneys for plaintiff and defendant to appear and argue said motion. On each of said occasions, this defendant appeared by counsel ready to argue said motion, but counsel for plaintiff did not appear, being engaged in the trial of other cases. On request of the trial judge, this defendant had the testimony written out, of the witness in the course of whose examination the error occurred as to which the judge was uncertain, and also the entire charge of the court written out, showing his charge in relation to this testimony, and delivered the same to the judge on the 28th of November, being a day of the September term; and at that time, the trial judge was busy trying a case in the criminal branch of this court, and stated that he was busy and unable to give the matter attention at that time, but that he would look over the testimony and the charge, and call in the attorneys for the plaintiff and defendant, so that a hearing could be had on the 28th day of November, A. D. 1911, when the testimony and charge were delivered to the court.

"Thereafter, counsel for defendant held themselves in readiness to attend upon such call, but without calling in counsel, on the afternoon of the 22d of December, 1911, the trial judge made the entry overruling the motion for new trial.

"Of this action of the court, defendant had no knowledge until the 8th day of February, A. D. 1912, being after the expiration of the time at which a bill of exceptions could be filed. As soon as defendant's counsel learned of this, they called upon the trial judge and learned the facts as above stated."

It is contended on behalf of the plaintiff in error that the motion charges no such irregularity as is contemplated by the statute as ground for vacating a judgment or order after term.

In *Guernsey Co. Commissioners* v. *Cambridge*, 7 C. C., 72, an irregularity, within the intent of the statute, was defined to be "some act done, or step taken, by the court, either *sui sponte*, or upon request, or by an officer thereof, which is not according to the regular course of proceeding, and by which a party was deprived of the benefit of a defense, without fault on his part."

The term "irregularity" is a very comprehensive one, and was intended by the Legislature no doubt to embrace all such acts of a party to the action, an officer of the court, or of the court itself, as constitute a departure from the due, orderly and established mode of proceeding therein, where a party, with no fault on his part, has been deprived of some right or benefit otherwise available to him. Such irregularity may consist of acts of commission or omission, constituting a want of adherence to some prescribed rule or method of procedure.

If the facts set forth in the motion as the grounds for obtaining the relief sought by said motion are established by sufficient proof, they, in our opinion, make a case of irregularity within the meaning of the statute. Counsel for the defendant had a right to rely upon any statement of the court, and if through inadvertance or misunderstanding, or any other reason, they were not notified of the hearing on the motion for a new trial, and did not discover the entry overruling this motion, they have a right to invoke the benefit of the relief provided by Section 11631 of the General Code.

It is claimed, however, on behalf of the plaintiff in error, that there was a failure of proof of the irregularity complained of. The only evidence in support of the motion was the affidavit of one of the defendant's attorneys, which, it is insisted, does not contain sufficient facts to sustain the motion.

The motion itself, however, was sworn to and might properly have been considered by the court as an affidavit, as well as a motion.  In hearings in which affidavits are admissible, it is common practice to receive and consider the sworn pleadings and motions as evidence.  Moreover, on the journal entry the court makes certain findings of fact which in their very nature must have rested within his own personal knowledge.  These findings of fact by the court, based upon his knowledge of what took place with reference to the making of the entry overruling the defendant's motion for a new trial, are sufficient to sustain the motion when considered with the affidavit offered in support of said motion and the sworn motion itself.  The nature of the findings of fact based upon the court's personal knuowledge is sufficiently indicated by the following language:

"In view of any promise to let the defendant's attorneys know of the disposition of the motion, and in view of the further fact that, in spite of effort, the knowledge was not brought home to them, and they were misled by my promise, it is my opinion that the motion should be granted, and the judgment be set aside, and the motion set for hearing."

That the court had the right to consider and take into account the facts that rested within his own personal knowledge, we think, is clear.  In contempt cases it is well settled that the court may determine without other evidence facts that occur in court and which are within the court's knowledge.  Thus, in *Myers* v. *State,* 46 O. S., 473, it was said:

"It was competent for the court to take judicial notice of pertinent facts connected with the transaction that came within the cognizance of his own senses."

When irregularity, consisting of an act, or a course of conduct of the court, is asserted as the ground of relief sought by a motion, it is competent, in passing on the motion, for the court to consider without other evidence the facts involving his own act or conduct.

An affidavit by the court, or testimony by him, would be useless, and when the journal entry embodies facts relating to the court's own action on the subject before him, which disclose on

their face that they were within the knowledge of the court, such journal entry should be treated as findings of fact, and given the same effect as though the court had been specifically requested to make a finding of fact and of law.

Unless, therefore, the contention of the plaintiff in error, that an affidavit of merit must be filed with the motion to vacate the judgment or order, is to be sustained, the ruling of the court below on the motion under consideration must be affirmed.

We do not think the requirement that such affidavit be filed is applicable to the hearing of a motion of this kind. It was intended to apply in those cases where a party has been prevented from making a defense on the merits, as in cases of default judgments.

The language of the Supreme Court in *Knox Co. Bank* v. *Doty*, 9 O. S., 506, is in accord with this view. It was there said:

"Section 538 of the code which provides that a judgment shall not be vacated on motion until it is adjudged that there is a valid defense to the action, was intended to apply to cases where the ground of the motion is that the party had a defense, which he, for some cause, was prevented from setting up, and not to cases where, as in the case at bar, there is confessedly no such cause of action, or where the court had no jurisdiction over the person of the defendants."

It follows from the views here expressed that the judgment of the court of common pleas must be affirmed.